**ANTONIO YOON**
California State Bar No. 163961
14241 Firestone Blvd., Suite 400
La Mirada, California 90638
Telephone: (213) 749-9882
Email: antonioyoon@att.net

Attorney for Ms. ALAS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO.: CR 07-01172-DDP (41) |
| Plaintiff, ) | |
| v. ) | **NOTICE OF MOTION AND MOTION TO DISMISS THE INDICTMENT FOR VIOLATION OF THE FIFTH AMENDMENT'S DUE PROCESS CLAUSE** |
| JENNY ALAS (41), ) | |
| Defendant. ) | |

TO:  ANDRE BIROTTE JR., UNITED STATES ATTORNEY; AND
KEVIN LALLY, ASSISTANT UNITED STATES ATTORNEY:

**PLEASE TAKE NOTICE** that on August 15, 2011, at 3:00 p.m., or as soon thereafter as counsel may be heard, the defendant, Jenny Alas, by and through her attorney, Antonio Yoon, will ask this Court to enter an order granting the motion outlined below.

//
//
//
//

1

# MOTION

Defendant, Ms. Alas, by and through her attorney, Antonio Yoon, pursuant to the United States Constitution, the Federal Rules of Criminal Procedure, and all other applicable statutes, case law and local rules, hereby moves this Court for an order to:

(1)   Dismiss the Indictment.

This motion is based upon the instant motion and notice of motion, the attached statement of facts and memorandum of points and authorities, and any and all other materials that may come to this Court's attention at or before the time of the hearing on this motion.

Respectfully submitted,

DATED: June 26, 2011

*/s/ Antonio Yoon*
ANTONIO YOON
Attorney for Ms. Alas
E-mail: antonioyoon@att.net

# I.

## STATEMENT OF FACTS

Jenny Alas is charged in three counts of the Third Superceding indictment.[1] She is charged in the Conspiracy RICO count–Count One– as well as in Counts 12 and 15 which allege the Violent Crimes in Aid of Racketeering; namely the assault on F.C. and the murder of L.A.G. The government, in Count 1 of the indictment, lays out 236 overt acts to establish how the conspiracy operated. Ms. Alas finds herself named in two of those overt acts: first in Overt Act 137, the agreement to assault F.C. with seven co-conspirators, and Overt Act 140[2], the aiding and abetting in the killing of L.A.G. with the same seven co-conspirators.[3]

Ms. Alas is not named in Count 2 of the Indictment which charges the majority of her co-defendants with the drug Conspiracy count in violation of Title 21 U.S.C. § 846. Nor is Ms. Alas charged in the following eight counts which charge her co-defendants with the substantive drug counts and with money laundering violations.

Ms. Alas reappears in Counts 12 and 15 which are the substantive Violent crime in aid of racketeering enterprise ("VICAR") counts with regards to the assault on F.C. and the murder of L.A.G. The government's theory of liability for the murder count is that the

---

1. Janet Gonzalez's challenge to the Second Superceding Indictment on the basis that Count 25–the count dealing with the murder of L.A.G.– was flawed because the felony-murder rule could not be applied to the facts as alleged prompted the government to file this Third Superceding indictment. The felony-murder theory would have essentially placed a strict liability standard on the named defendants in that count. During the March 7, 2011 motion hearing the government conceded that their new theory of liability as to the murder count was based on a "natural and probable consequences" theory. Thus, the standard as discussed in this motion, is no longer a strict liability standard. *See* March 7, 2011 Motion Hearing Transcript at 11.

2. The indictment jumps from Overt Act 138 to 140 mysteriously bypassing 139.

3. The only co-defendant not named in these Overt Acts is James Wooten who later appears, however, in Counts 12 and 15 which are the VICAR counts based on the same alleged conduct.

murder of L.A.G. was a natural and probable consequence of the assault on F.C. According to the discovery reviewed thus far Jenny Alas' role in the offenses alleged in Count 1's Overt Acts 138 and 140 as well as in Count 12 and 15 is that she was a passenger in a car that drove the shooter and other co-defendants to the place where the assault of F.C. and the murder of L.A.G. took place. Ms. Alas is not alleged to have gotten out of the car or have participated in any other way in either the assault or the murder charged. Specifically, for example other co-defendants are alleged to have provided and disposed of the gun, to have acted as look-outs, to have acted as back-up support, and to have engaged in the planning of the crimes. Ms. Alas had no participation in any of the above-mentioned activities nor did she in any other way encourage or facilitate or induce anyone to commit these crimes.

The government's theory rests entirely on the notion that being in the car as an alleged member of the 18th Street gang and having knowledge that gangs may beat people up which may result, as a natural and probable consequence, in death makes Ms. Alas liable of the crime. The problem with this theory is that Ms. Alas' mere presence in the car makes her involvement so attenuated to the charged crimes that it violates the Due Process clause of the Fifth Amendment. Thus, the indictment against Ms. Alas should be dismissed.[4]

---

[4]. Rule 12 of the Federal Rules of Criminal Procedure allows for this type of a motion to be filed pre-trial. Because the court is capable of determining the motion prior to trial the motion is appropriately filed at this time. *United States v. Ramirez*, 324 F.3d 1225 (11th Cir. 2003)

## II.

## ARGUMENT

### Because Ms. Alas Due Process Rights Have Been Violated the Indictment Should Be Dismissed

The Due Process clause of the Fifth Amendment guarantees Ms. Alas that she will not be held to answer a crime without due process of law. This Clause constitutionally demands that "personal guilt" play a major role in deciding whether a defendant can be prosecuted for the crimes charged.[5] Personal guilt also means that even crimes charged under an aiding and abetting theory, as they are here, must be constrained and limited.

In *Pinkerton v. United States*, 328 U.S. 640 (1946) the Supreme Court held that a conspirator is liable for any crimes committed by her co-conspirators that are both reasonable foreseeable and in furtherance of the conspiracy.[6] Thus, the vicarious liability standard was born and somewhat vaguely defined. A dissenter in *Pinkerton*, Justice Rutledge wisely warned of the dangers of the "almost unlimited scope of vicarious responsibility for other's acts which follows once agreement is shown". *Id* at 650  Justice Rutlidge, as if foreseeing Ms. Alas' present case, further explained that "Under this theory a minor figure could be penalized for the acts of others over whom he had no control and with who he had no real connection, merely because they were members of a broad, loosely-knit conspiracy." *Id.*

---

5. See *United States v. Alvarez*, 755 F.2d 830, 850 (11th Cir. 1985)("In our view, the liability of such minor participants must rest on a more substantial foundation than the mere whim of a prosecutor.")

6. Since Ms. Alas is charged in Count 1 with the RICO conspiracy a discussion of *Pinkerton* is warranted. Of course, Counts 12 and 15 rest on an aiding and abetting theory and therefore they are significantly narrower in terms of scope. See *United States v. Greer*, 467 F.2d. 1064 (7th Cir. 1972). Nonetheless, the Overt Acts in Count 1 make specific reference to Ms. Alas' involvement with the conduct alleged in Counts 12 and 15.

Although it took some time, the concept of due process and personal guilt in conspiracy cases surfaced in the Supreme Court case of *Scales v. United States*, 367 U.S. 203 (1961). In *Scales* the Court reasoned that "in our jurisprudence guilt is personal" and thus if guilt is only based on "reference to a relationship... to other concededly criminal activity, that relationship must be sufficiently substantial to satisfy the concept of personal guilt in order to withstand attack under the Due Process Clause of the Fifth Amendment." *Id*. at 225.

The Ninth Circuit was the first Circuit to reverse a *Pinkerton* conviction based on due process grounds. In *United States v. Castaneda*, 9 F. 3d 761 (9th Cir. 1993), the Ninth Circuit raised, *sua sponte*, the issue of substantive due process in terms of *Pinkerton* liability. The *Castaneda* court found that the due process line had been crossed when the jury convicted Ms. Castaneda of crimes in which she had had minimal or no participation *Id*. at 768. The court focused its analysis on the concept of personal guilt and reasoned that Ms. Castaneda relationship to most of the crimes with which she was charged was too attenuated. Thus, a conviction based on guilt by association would not survive a due process challenge.

*Castaneda* relied in part on an Eleventh Circuit case that had been decided in 1985 and which lead the way in finding that the Due Process clause constrains vicarious liability. *United States v. Alvarez,* 755 F2d. 830 (11th Cir. 1985). *Alvarez* involved three defendants who had become involved in a drug conspiracy. An undercover police officer was killed during the transaction. Each of the defendants played a different role: one was the shooter, another the lookout, and another organized the meeting. All three were convicted and each argued that they were not sufficiently personally liable for the killing. The government countered that it was their discretion who to charge in a conspiracy. *Id*. at 850

Rejecting the government's argument the *Alvarez* court strongly suggested that a connection exists between attenuation and due process. *Id.* at 849-850 The court went on to imply that a vicarious liability conviction should only stand for a defendant who was not

a minor participant and who had actual knowledge of the foreseeable but unintended crime that occurred. *Id*. at 850-851.[7]

Although there does not appear to be a concrete test to determine whether a due process violation has occurred it is clear that both the Supreme Court and the Ninth Circuit are unequivocal in voicing their concern that personal guilt, not just guilt by association, must play a major role in vicarious liability-type cases. This means that Ms. Alas cannot be criminally vicariously liable for what her co-defendants did simply based on her association with a group. Due Process demands more: there must be knowledge and some type of active personal and individual involvement in the alleged assault of F.C. and the murder of L.A.G.[8]

Greater attention has to be placed on the defendant's personal actions. Here, Ms. Alas did nothing more than be a passenger in the car. She did not act as a lookout, nor did she supply or hide the gun, nor did she provide any type of support, encouragement, inducement or aid in the commission of either the assault of F.C. or the murder of L.A.G. Ms. Alas did not even participate in planning the offense.

Rather the government is charging her simply because it believes that she is a member of the 18th Street gang and therefore should have known that people in the gang can get into ugly situations which may include an assault and a murder. As the overt acts, as well as Counts 12 and 15, make plainly clear the gravamen of the case against Ms. Alas is the assault and murder charges. This theory runs afoul of the Due Process personal guilt

---

7. In *Alvarez* the Eleventh Circuit found that all three defendants knew of the "circumstances and events leading up to the murder" and were more than minor participants. *Id.*

8. As noted above, in *Scales* the Supreme Court dealt with the issue of personal guilt in vicarious liability cases. The Court's requirement that there be active participation, such as some type of influence or attempt to influence, ensures that due process will not be violated and that criminal liability is not separated from individual guilt.

requirement because Ms. Alas' involvement was attenuated in the offense. Her role was minor at best. Therefore the indictment against her must be dismissed.

### III.
### **CONCLUSION**

For the reasons set forth above, Ms. Alas respectfully requests that the indictment against her be dismissed.

Respectfully submitted,

DATED: June 26, 2011
 */s/ Antonio Yoon*
ANTONIO YOON
Attorney for Ms. Alas
E-mail: antonioyoon@att.net

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>**JENNY ALAS**,<br><br>　　　　　Defendant. | CASE NO.:   CR 07-01172-DDP (26)<br><br>DEFENSE COUNSEL'S DECLARATION IN SUPPORT OF MOTION TO DISMISS THE INDICTMENT |

I, Antonio Yoon, declare as follows:

1. I am the attorney of record for the defendant in this case. I make this declaration in support of her motion to dismiss the indictment.

2. The facts set out in the above points and authorities are true to the best of my knowledge.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:   June 26, 2011　　　　/s/ Antonio Yoon

　　　　　　　　　　　　　　　Antonio Yoon